# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

SAMUEL JOHN PEGO,

       *Petitioner*                  CRIM. CASE NO: 12-cr-20486
                                       CIV. CASE NO.: 1:15-cv-12842
*v.*                                     DISTRICT JUDGE THOMAS L. LUDINGTON
                                        MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

       *Respondent.*

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 46)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.    REPORT

### A.    Introduction

Petitioner Samuel John Pego's 28 U.S.C. § 2255 motion to vacate his prison sentence (Mot. to Vacate, Doc. 46), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 49.) Petitioner was charged in a First Superseding Indictment with one count of unlawful imprisonment (count 1), one count of assault with a dangerous weapon with intent to do bodily harm (count 2), one count of assault resulting in serious bodily injury (count 3), two counts of witness tampering (counts 4, 6), and domestic assault by an habitual offender (count 5). (Doc. 19.) A jury trial was held on February 26 through 28, 2013, and Petitioner was convicted on all counts. (Doc. 27.) On June 5, 2013, Petitioner was sentenced and

judgment entered on June 12, 2013, committing Petitioner to the Bureau of Prisons for a total term of 780 months in custody (180 months on count 1; 120 months on count 2, consecutive; 120 months on count 3, consecutive; 240 months on count 4, consecutive; 120 months on count 5, consecutive; 240 months on count 6, concurrent). (Doc. 33 at ID 96.)

Petitioner appealed and raised the following issues: (1) district court erred in denying his motion for a new attorney; (2) ineffective assistance of trial counsel; (3) district court gave a biased version of inserted evidence into the pattern jury instruction; (4) duplicative sentencing with respect to counts 3 and 5; (5) double-counting when computing applicable sentencing enhancements; and (6) the district court failed to support its sentence with specific findings under 18 U.S.C. § 3553(a). (Doc. 44.) The Sixth Circuit affirmed the conviction and sentence on all grounds raised, except that it did not address the ineffective assistance of counsel argument. (*Id.*) The mandate issued on June 23, 2014. (Doc. 45.) Petitioner did not apply for a writ of certiorari.

Petitioner now argues that: (1) the trial court abused its discretion in denying request to replace his lawyer; (2) trial counsel was ineffective because of "conduct amounting to help for the prosecution or sabotage for the defendant;" and (3) the trial court failed to make the required findings at sentencing under 18 U.S.C. § 3553(a) resulting in a procedurally and substantively unreasonable sentence. (Doc. 46 at 6-7.)

For the reasons described below, I recommend denying Petitioner's motion.

**B.    Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting

*Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).

Actual claims of ineffective assistance of counsel, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant

must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

 506 U.S. 364, 369 (1993) (citations omitted).

### C.      Analysis and Conclusions

Petitioner now argues that: (1) the trial court abused its discretion in denying request to replace his lawyer; (2) trial counsel was ineffective because of "conduct amounting to help for the prosecution or sabotage for the defendant;" and (3) the trial court failed to make the required findings at sentencing under 18 U.S.C. § 3553(a) resulting in a procedurally and substantively unreasonable sentence. (Doc. 46.)

Petitioner raised the first and third grounds asserted in his motion to vacate sentence on direct appeal. The Sixth Circuit found neither of these issues to be meritorious. (Doc. 44.) Since neither of these claims raise an issue that involves an exceptional circumstance, such as an intervening change in the law, they cannot be relitigated under this section 2255 motion. *Jones*, 178 F.3d at 796.

As to Petitioner's claim that his lawyer was ineffective by helping the prosecution and sabotaging his defense, this claim also fails. Under this ground, Petitioner speaks of various ways in which the victim in the case was at times the aggressor in their relationship, that the tribal officer and government counsel were biased and vengeful against him, and that his attorney failed to bring witnesses on his behalf who could attest to the actions of the victim and the tribal officer (Doc. 46 at 10-14.)

Based on its belief that the defense would seek to introduce evidence of the victim's alleged prior violence toward Petitioner, the government moved to suppress evidence of the alleged prior violence by the victim. (Doc. 24.) Therefore, Petitioner's counsel was not neglecting the issue; rather, the government anticipated counsel's strategy and was able to prevent the strategy from being utilized. This does not demonstrate ineffective assistance. Counsel made some effort and the

mere fact that he was unsuccessful does not render him ineffective. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Petitioner's own words show that he would not have benefitted from any other witnesses being offered such that he could not have been prejudiced by any lack of witnesses. On the final day of trial, when asked whether he concurred with his lawyer's statement that he would not be testifying or offering any evidence, Petitioner responded, "I have no evidence or witnesses to back my word, your Honor, so I have to - - I can't testify. Nothing to back me." (Doc. 47 at ID 430.)

As to Petitioner's claim that counsel was ineffective for not arguing that the tribal officer and government counsel were biased against him, he must show that the failure to make such arguments prejudiced him. Petitioner has not alleged that any evidence was improperly seized as a result of such alleged bias or that any other procedural or substantive defect occurred as a result of the alleged bias. Therefore, he cannot base a claim of ineffective assistance on such alleged bias. *Dillard v. United States*, No. 1:05-cv-855, 2007 WL 682565, at *7 (N.D. Ohio Mar. 1, 2007) (attorney was not ineffective and alleged bias of officer irrelevant where petitioner could not show that any evidence would have been suppressed or that such suppression would likely result in acquittal). Furthermore, since no defects resulted, any alleged failure did not render the trial unfair or the verdict unreliable. *Kimmelman*, 477 U.S. at 374.

## D.   Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E.    Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence.

### III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 22, 2016                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

**<u>CERTIFICATION</u>**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Samuel John Pego 47559039, Milan FCI, P.O. Box 1000, Milan, MI 48160.

Date: March 22, 2016                By <u>s/Kristen Krawczyk         </u>
                                  Case Manager to Magistrate Judge Morris