UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff-Respondent,          Case No. 12-cr-20486

v                                  Honorable Thomas L. Ludington
                                  Magistrate Judge Patricia T. Morris

SAMUEL JOHN PEGO,

                Defendant-Petitioner.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION
TO VACATE SENTENCE**

Petitioner Samuel John Pego's conviction arises out of a domestic abuse incident against a single victim that spanned three days, from July 12, 2012 to July 14, 2012. On August 21, 2012 a Grand Jury returned an indictment charging Petitioner Pego with five counts: (1) unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b, as assimilated by 18 U.S.C. § 13; (2) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3) and 1153; (3) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153; (4) witness tampering occurring over the three-day period in which the assaults were occurring, in violation of 18 U.S.C. § 1512(b)(3); and (5) domestic assault by an habitual offender, in violation of 18 U.S.C. § 117. *See* ECF No. 3. A superseding indictment later charged Pego with an additional witness tampering charge relating to his communications with the victim after his arrest. *See* ECF No. 19.

Following a three day trial a jury convicted Pego on all counts. ECF No. 27. On June 5, 2012 Pego was sentenced to a total of 780 months in custody. Judgment was entered on June 12, 2013. *See* ECF No. 33. Pego then appealed to the Sixth Circuit, raising the following claims: (1)

district court erred in denying his motion for a new attorney; (2) ineffective assistance of trial counsel; (3) district court gave a biased version of inserted evidence into the pattern jury instruction; (4) duplicative sentencing with respect to counts 3 and 5; (5) double-counting when computing applicable sentencing enhancements; and (6) the district court failed to support its sentence with specific findings under 18 U.S.C. § 3553(a). ECF No. 44.   The Sixth Circuit declined to address Pego's ineffective assistance claim, but affirmed the conviction and sentence on all other grounds. *Id.*   The mandate issued on June 23, 2014.   ECF No. 45.

## I.

On August 12, 2015 Pego filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See* ECF No. 46.   The motion was referred to Magistrate Judge Patricia T. Morris.   *See* ECF No. 49. After receiving a response from Respondent, the magistrate judge issued her report on March 22, 2016 recommending denying Petitioner's motion. *See* ECF No. 54.   The magistrate judge reasoned that, with regard to his claim of ineffective assistance of counsel, Pego had not satisfied the standard articulated by the Supreme Court in *Strickland v. Washington*, 446 U.S. 668 (1984). She determined that his remaining claims had already been addressed and rejected by the Sixth Circuit on direct appeal. After finding that the record conclusively showed that Pego was not entitled to any relief, the magistrate determined that Pego was not entitled to an evidentiary hearing, and therefore recommended denying Pego's motion.

Pego was properly served with the report and recommendation on April 20, 2016. *See* ECF No. 56. Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendants filed any objections.   The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record.

*Thomas v. Arn*, 474 U.S. 140, 149 (1985).  The failure to file objections to the report and recommendation waives any further right to appeal.

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id*.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted in this case.  The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

## III.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 54, is **ADOPTED**.

It is further **ORDERED** that Petitioner Pego's motion to vacate, ECF No. 46, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 18, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager